IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JAIME HECTOR RAMIREZ,<br>Defendant. | Case No. 5:25-cr-00264-SSS |
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>TU ANH TRAN,<br>Defendant. | Case No. 8:25-cr-00250-JVS-1 |

**ORDER DENYING GOVERNMENT'S MOTION FOR STAY PENDING APPEAL**

## I. INTRODUCTION[1]

On October 27, 2026, the court entered an order determining that Bilal A. Essayli "is unlawfully serving as a 'de facto' United States Attorney" and

[1] This Order assumes familiarity with the underlying proceedings. For further factual and legal background, see *United States v. Ramirez*, --- F.3d ---, 2026 WL 3223483 (C.D. Cal. Oct. 27, 2026) (Order Granting in Part and Denying in Part Renewed Motions to Dismiss and to

disqualifying him from "participating in or supervising" the criminal prosecutions of Jaime Hector Ramirez and Tu Ahn Tran (collectively, "Defendants"). *Ramirez III*, 2026 WL 3223483, at *10 (ECF No. 85).[2] The government now seeks to stay *Ramirez III* pending its appeal to the Ninth Circuit. ECF Nos. 86, 89.[3] For the reasons set forth below, the court DENIES the government's motion to stay.

## II. DISCUSSION

### A. Legal Standard

A stay "suspend[s] judicial alteration of the status quo" by "halting or postponing some portion of the proceeding, or by temporarily divesting an order of enforceability." *Nken v. Holder*, 556 U.S. 418, 428–29 (2009). "The authority to grant stays has historically been justified by the perceived need to prevent irreparable injury to the parties or to the public pending review." *Id.* at 432 (citation and quotation marks omitted). "A stay is not a matter of right, even if irreparable injury might otherwise result." *Id.* at 433. Rather, it is "an exercise of judicial discretion, . . . the propriety of [which] is dependent upon the

---

Disqualify Bilal A. Essayli from Supervising Cases) ("*Ramirez III*") and *United States v. Ramirez*, 807 F. Supp. 3d 1086 (Order Granting in Part and Denying in Part Defendants' Motions to Dismiss Indictments and to Disqualify) ("*Ramirez I*"), *reconsideration denied*, 812 F. Supp. 3d 1011 (C.D. Cal. 2025) ("*Ramirez II*").

[2] Unless otherwise specified, citations to court filings in this Order refer to the *Ramirez* docket.

[3] "A party must ordinarily move first in the district court" when, as here, it requests "a stay of the . . . order of a district court pending appeal[.]" Fed. R. App. P. 8(a)(1).

circumstances of the particular case." *Id.* (citation and quotation marks omitted). "A party requesting a stay pending appeal 'bears the burden of showing that the circumstances justify an exercise of that discretion.'" *Doe #1 v. Trump*, 957 F.3d 1050, 1058 (9th Cir. 2020) (quoting *Nken*, 556 U.S. at 433–34).

To determine whether a stay pending appeal is appropriate, the court considers four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Nken*, 556 U.S. at 434 (citation omitted).

Irreparable injury and likelihood of success on the merits are "the most critical" factors, *id.*, and are considered "on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases," *Humane Soc'y of U.S. v. Gutierrez*, 523 F.3d 990, 991 (9th Cir. 2008); *see also California ex rel. Harrison v. Express Scripts, Inc.*, 139 F.4th 763, 772 n.8 (9th Cir. 2025) (describing the *Nken* sliding scale). Given their relative importance, the court need only "consider the last two factors if the first two factors are satisfied." *Doe #1*, 957 F.3d at 1058.

### B. Irreparable Injury to the Government

"An applicant for a stay pending appeal must show that a stay is necessary to avoid likely irreparable injury to the applicant while the appeal is pending." *Al Otro Lado v. Wolf*, 952 F.3d 999, 1007 (9th Cir. 2020). "[I]f the petition has not made a certain threshold showing regarding irreparable harm . . . then a stay may not issue, regardless of the petitioner's proof regarding the stay factors." *Doe #1*, 957 F.3d at 1058 (quoting *Leiva-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011) (per curiam)). Courts therefore often begin their analysis with this "threshold" factor. *See, e.g.*, *id.*; *Al Otro Lado*, 952 F.3d at 1007. This court follows suit.

To meet its burden under the irreparable injury prong, the moving party (here, the government) must do more than "simply show[] *some possibility* of irreparable injury." *Nken*, 556 U.S. at 434 (emphasis added) (quotation marks omitted). "Rather, at this juncture, the government has the burden of showing that irreparable injury is *likely to occur* during the period before the appeal is decided." *Doe #1*, 957 F.3d at 1058–59 (emphasis added). In other words, the government "must demonstrate that irreparable harm is probable if the stay is not granted." *Leiva-Perez*, 640 F.3d at 968. It has not done so.

The government concedes that it will suffer no injury from the immediate, practical effect of *Ramirez III*—i.e., Essayli being disqualified from

participating in or supervising Defendants' cases. *See* ECF No. 93 at Page ID #:1138 ("The injury is not that Ramirez and Tran's cases cannot proceed without Essayli . . . ."). Instead, it raises broad separation of powers concerns, identifying the potential injury as the alleged fact "that a court has displaced the Executive's choice and reassigned supervision of criminal prosecutions on a theory that . . . no other court . . . has yet to apply." *Id.* In support of this proposition, the government states that "court decisions 'dictat[ing] to the executive branch whom it can appoint to serve as its prosecutors' trigger 'weighty separation of powers concerns' because 'prosecutorial decisionmaking is the special province of the Executive Branch.'" ECF No. 89 at Page ID #:1089 (alteration in original) (first quoting *United States v. Silva-Rosa*, 275 F.3d 18, 22 (1st Cir. 2001); and then quoting *Trump v. United States*, 603 U.S. 593, 620 (2024)).[4] And it asserts that "disrupting federal law enforcement is a serious and irreparable injury." *Id.*

---

[4] In both its motion and reply, the government also quotes *United States v. Williams*, 68 F.4th 564, 571 (9th Cir. 2023) as stating that courts "do not dictate to the Executive branch who will serve as its prosecutors." ECF No. 89 at Page ID #:1089; ECF No. 93 at Page ID #:1137. But the government omits language that provides an important limiting context to the court's ruling. In full, *Williams* states:

> *Absent a violation of . . . the Constitution, a federal statute, or a procedural rule*, . . . we do not dictate to the Executive branch who will serve as its prosecutors. Put differently, we do not stamp a chancellor's foot veto over activities of coequal branches of government *unless compelled by the law to do so*.

68 F.4th at 571–72 (cleaned up) (emphases added).

Further, *Williams*, which itself dealt with the disqualification of an entire United States Attorney's Office, acknowledged that "the generally accepted remedy, *consistent with separation*

To the extent the government argues that *Ramirez III* encroaches upon Executive branch functions by "dictating" who can prosecute Defendants' cases, it misconstrues the court's ruling. *Ramirez III* dictates no such thing. Instead, it merely applies the law. Judicial interpretation of a statute that controls the appointment of Executive officials does not offend separation of powers—quite the opposite. While "prosecutorial decisionmaking is the special province of the Executive Branch," ECF No. 89 at Page ID #:1089 (quoting *Trump*, 603 U.S. at 620), "[i]t is emphatically the province and duty of the judicial department to say what the law is[,]" *Marbury v. Madison*, 5 U.S. 137, 177 (1803); *see also* THE FEDERALIST No. 78 at 525 (Alexander Hamilton) (J. Cooke ed. 1961) ("The interpretation of the laws is the proper and peculiar province of the courts.").

Further, the government's separation of powers arguments are vague and conclusory and fail to identify any specific harm it is likely to suffer should *Ramirez III* go into effect. Its "abstract invocations" of separation of powers "carry little weight without concrete disruption of Executive activities." *In re Grand Jury Subpoenas to Off. of N.Y. State Att'y Gen.*, 2026 WL 686046, at *5 (N.D.N.Y. Mar. 11, 2026); *see also Doe #1*, 957 F.3d at 1059–60 (explaining that the government

---

*of powers concerns*, is to disqualify a specific Assistant United States Attorney, not all the attorneys in the office." *Id.* at 574 (citation and quotation marks omitted) (emphasis added). Thus, despite the expansive and misleading nature of the government's excerpted language, *Williams* neither holds nor suggests that a court offends separation of powers by disqualifying an Executive official who is *unlawfully* serving.

cannot meet its burden under *Nken* "by submitting conclusory factual assertions and speculative arguments that are unsupported in the record"). And even if an abstract injury could satisfy the government's burden, the Ninth Circuit has repeatedly held that "institutional injur[ies]" suffered by the government "by erosion of the separation of powers" are "not irreparable." *Washington v. Trump*, 847 F.3d 1151, 1168 (9th Cir. 2017); *see also, e.g.*, *Cmty. Legal Servs. in E. Palo Alto v. U.S. Dep't of Health & Hum. Servs.*, 137 F.4th 932, 943 (9th Cir. 2025). Here, the question of whether Essayli is lawfully serving will "be resolved at the merits stage of this case." *Doe #1*, 957 F.3d at 1059. The government thus "may yet pursue and vindicate its interests in the full course of this litigation." *Washington*, 847 F.3d at 1168.

The government likewise fails to explain how *Ramirez III* will "disrupt[] federal law enforcement." ECF No. 89 at Page ID #:1089. Indeed, it is the government's requested stay that may further delay the prosecutions at issue. *Ramirez III* simply requires that lawfully serving attorneys prosecute Defendants' cases without Essayli's participation or supervision. *See* 2026 WL 3223483, at *11. And the government has not argued that it will suffer injury as a result. *See* ECF No. 93 at Page ID #:1138.[5] The government claims for the first time in its

[5] The government's description of *Ramirez III* as a "'fairly irreversible' disqualification order" is likewise unpersuasive given that the government does not argue it will be harmed by Essayli's disqualification from the two cases directly impacted by *Ramirez III* or identify how

reply that "[t]he legal issue here potentially affects 5,000 cases in the largest district in the country." ECF No. 93 at Page ID #:1138. But this bald assertion, absent any support or explanation, does not establish probable irreparable injury. *See Doe #1*, 957 F.3d at 1059–60.

Ultimately, "the irreparable harm standard [cannot be] satisfied by the fact of executive action alone[,]" and the government's unsubstantiated separation of powers arguments are insufficient. *Thakur v. Trump*, 163 F.4th 1198, 1207 (9th Cir. 2025) (citation omitted). In sum, the government has failed to show that "irreparable injury is likely to occur during the period before the appeal is decided." *Doe #1*, 957 F.3d at 1058–59. Although the "*Nken* analysis could conclude here," *id.* at 1061, the court elects to address the other "most critical" factor, the likelihood of success on the merits, *Nken*, 556 U.S. at 434.

**C. Likelihood of Success on the Merits**

The "second most important *Nken* factor" is "whether the applicant has made a strong showing of the likelihood of success on the merits." *Doe #1*, 957 F.3d at 1062. "Only a stronger showing of one element may offset a weaker showing of another" under the Ninth Circuit's "sliding scale approach." *Al Otro Lado*, 952 F.3d at 1010 (citation omitted). Accordingly, the government must

---

that Order will otherwise impact its operations pending appeal. ECF No. 93 at Page ID #:1138 (quoting *Williams*, 68 F.4th at 570); *see also* ECF No. 89 at Page ID #:1089 (quoting same).

make an "especially strong showing" that it is likely to succeed on the merits "in light of [its] weak irreparable harm demonstration." *Id.* at 1011. Likelihood of success is subject to a less demanding standard than irreparable injury, however, and the government "need not demonstrate that it is more likely than not that [it] will win on the merits." *Leiva-Perez*, 640 F.3d at 966.

The government again fails to meet its burden. It argues that "there is a fair probability that the Ninth Circuit . . . will see things differently than this [c]ourt did in its analysis of what makes a 'de facto' Acting U.S. Attorney" under *United States v. Jackson*, 187 F.4th 1198 (9th Cir. 2026). ECF No. 89 at Page ID #:1094. This is so, in the government's view, for two primary reasons.

First, the government claims that the court erroneously expanded *Jackson*'s "standard for an improper *de facto* acting officer[,]" which it reads as being limited to circumstances in which the appointee "has been delegated 'all' of the powers of a vacant office." *Id.* at Page ID #:1097. As Defendants note in their opposition, this interpretation conflates "the facts of *Jackson* with the legal standard it articulated." ECF No. 91 at Page ID #:1112. The designation order at issue in *Jackson*—which is identical to Essayli's original designation order, apart from names and dates—was indeed a delegation of *all* the United States Attorney's powers. *See Jackson*, 187 F.4th at 1214–15. But the Ninth Circuit's reasoning,

which is based on a statute that itself contains no "all" language, is not so narrow. *See id.*; *see also* 5 U.S.C. § 3347.[6]

Second, the government argues that the court erred in concluding that Essayli's revised designation order, issued over a month after *Jackson* was published, is substantively identical to its prior order. ECF No. 89 at Page ID #:1094–95. As explained in detail in *Ramirez III*, the revised designation order merely added language stating that Essayli cannot perform certain statutory duties that could not legally have been delegated to him to begin with. *See* 2026 WL 3223483, at *6–9.

At a hearing before the court on October 13, 2026, the government conceded that all three of the duties added to the revised designation order are non-delegable under Ninth Circuit law. It now argues the opposite, stating that the revised order "excludes three specific functions that the government contends *are* delegable." ECF No. 89 at Page ID #:1094. But the government provides no legal support for its complete about-face. And its arguments in the alternative (i.e.,

---

[6] The government argues that *Ramirez III* "adopt[ed] an untenable and unworkable 'functional' standard from other circuits." ECF No. 89 at Page ID #:1093. But that "standard" arises from the statutory language itself. *See* 5 U.S.C. § 3347 ("Sections 3345 and 3346 are the exclusive means for temporarily authorizing an acting official to perform *the functions and duties* of any office of an Executive agency . . . ." (emphasis added)); *id.* § 3345(a) (using "functions and duties" language); *see also In re Grand Jury Subpoenas to Off. of N.Y. State Att'y Gen.*, 188 F.4th 595, 610 (2nd Cir. 2026) (analyzing sections 3345 to 3347 of the Federal Vacancies Reform Act and concluding that "[t]he statute dictates that whether someone is impermissibly serving as an acting officer turns on function, not form").

assuming that the three functions are non-delegable) are premised on the overly narrow reading of *Jackson* as applying solely to delegations of "all" of the United States Attorney's powers. *See, e.g.*, ECF No. 89 at Page ID #:1096.

In light of the government's concession and the fact that its appeal is *to* the Ninth Circuit, and because both of Essayli's designation orders amount to unlawful attempts to appoint a de facto United States Attorney under *Jackson* and the Federal Vacancies Reform Act, the court concludes that there is a low likelihood of success on the merits. Certainly, the government has not made the "especially strong showing" required here. *Al Otro Lado*, 952 F.3d at 1011. As the government has failed to establish either of the two preliminary and "most critical" stay factors, the court need not address the remaining factors. *Nken*, 556 U.S. at 434; *see also Doe #1*, 957 F.3d at 1058.[7]

---

[7] The government's motion additionally raises several arguments related to its appeal of *Jackson*, which is currently before the Supreme Court on a petition for writ of certiorari. *See, e.g.*, ECF No. 89 at Page ID #:1088, 1091–93. Although the government states that the stay of an order pending an appeal in a separate case is assessed under the *Nken* standard, ECF No. 89 at Page ID #:1085 n.2, such stays are only appropriate "in rare circumstances" and are thus subject to a distinct, and arguably more stringent, balancing test, *Landis v. N. American Co.*, 299 U.S. 248, 255 (1936). For instance, "if there is even a fair possibility" that such a stay "will work damage to someone else[,]" the moving party "must make out a *clear case* of hardship or inequity," *id.* (emphasis added), rather than show that irreparable harm is merely "probable[,]" *Leiva-Perez*, 640 F.3d at 968. Because the government has not shown that it would suffer any harm should *Ramirez III* go into effect, it necessarily fails to meet this heightened standard.

Further, where such a stay's "term is indefinite, [the court] require[s] a greater showing to justify it." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000) (citing *Landis*, 299 U.S. at 254–55). A stay pending the Supreme Court's review of *Jackson* would be "indefinite" because "its end date is triggered by the occurrence of an external event that is not time limited." *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1084 (9th Cir. 2024). Indeed, the Ninth Circuit previously held that a district court abused its discretion by granting a stay that would

## III. CONCLUSION

For the foregoing reasons, the government's motion to stay pending appeal is DENIED. In accordance with the stipulated Order Regarding Government Motion for Stay Pending Appeal, ECF No. 86, *Ramirez III* will go into effect one week from today, subject to any further orders of this court or an appellate court.

IT IS SO ORDERED.

DATED: November 16, 2026

/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

---

"terminate[] upon the 'resolution of the [related] appeal,'" which was likewise before the Supreme Court on a petition for certiorari. *Yong*, 206 F.3d at 1119. The court emphasized that, should the Supreme Court grant the writ, "the stay could remain in effect for a lengthy period of time, perhaps for years if [its prior decision] . . . is reversed and the case remanded for further proceedings." *Id.* So too here.